PRESTON EASLEY, State Bar No. 108347
(maritime@earthlink.net)
PETER YOVANOVICH, State Bar No. 305794
(max@prestoneasley.com)
NICHOLAS SABATELLA, State Bar No. 314111
(nick@prestoneasley.com)
LAW OFFICES OF PRESTON EASLEY APC
2500 Via Cabrillo Marina, Suite 106
San Pedro, California 90731-7724
Telephone: (310)832-5315
Facsimile: (310)832-7730

Attorneys for Plaintiff
          JOSE CORREA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CORREA,<br><br>          Plaintiff,<br>v.<br><br>SEASPAN CORPORATION; and SEASPAN SHIP MANAGEMENT LTD.,<br><br>          Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

     COMES NOW PLAINTIFF JOSE CORREA and complains of defendants, and each of them, and alleges:

     1. At all times mentioned herein plaintiff JOSE CORREA was employed by Total Terminals International, LLC as a longshoreman aboard the vessel M/V

-1-

1 HANJIN JUNGIL, now known as the M/V SEASPAN THAMES, in navigable waters at the Hanjin Terminal at Berth 140, Long Beach, California.

2. At all times mentioned herein plaintiff JOSE CORREA was a resident of the City of Los Angeles, County of Los Angeles, State of California and is a citizen of the State of California.

3. At all times relevant hereto defendant SEASPAN CORPORATION maintained its principal place of business in Vancouver, Canada and is a citizen of Canada.

4. At all times relevant hereto defendant SEASPAN SHIP MANAGEMENT LTD. maintained its principal place of business in Vancouver, Canada and is a citizen of Canada.

5. Federal jurisdiction is based on diversity. The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

6. At all times material hereto defendants owned, operated, chartered, configured, modified, managed, controlled, maintained, repaired, supervised, inspected and outfitted the vessel M/V HANJIN JUNGIL which is now known as the M/V SEASPAN THAMES, which they managed, maintained, operated, supervised and controlled in coastwise, intercoastal and foreign navigation.

7. On or about September 25, 2016 plaintiff's employer was rendering stevedoring services on or about the M/V HANJIN JUNGIL, now known as the M/V SEASPAN, which was docked pierside in navigable waters at Pier 140, Long Beach, California and plaintiff was employed as a longshoreman and was providing such services on behalf of his employer.

8. On or about September 25, 2016, plaintiff JOSE CORREA suffered severe and disabling injuries while working aboard the M/V HANJIN JUNGIL, now known as the M/V SEASPAN THAMES, in navigable waters at Pier 140, Long Beach, California as a longshoreman when he fell from a unguarded section

of catwalk. Said accident was caused by the negligent failure of the defendants to turn the vessel over to the stevedore in such a condition that an expert and experienced stevedore would be able by the exercise of reasonable care to carry on its cargo operations with reasonable safety to persons. The defendants negligently failed to exercise due care to avoid exposing the longshoremen, including plaintiff, to harm from equipment under the active control of the vessel such as the aforesaid unguarded section of catwalk.

9. As a result of defendants' negligence, and each of them, plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries, all of which injuries have caused, and continue to cause, plaintiff great mental, physical and nervous pain and suffering and loss of enjoyment of life in an amount to be proven at trial. Plaintiff is informed and believes and thereon alleges that such injuries will result in permanent disability to him.

10. As a further result of defendants' negligence, and each of them, plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is not known to plaintiff at this time, and plaintiff will move to amend this complaint to state such amount when the same becomes known to him, on proof thereof. The amount of plaintiff's past and future medical expenses will be proven at trial.

10. As a further result of defendants' negligence, and each of them, plaintiff's earning capacity has been greatly impaired, both past and future, and plaintiff has suffered and will continue to suffer a loss of wages, fringe benefits, wage earning capacity and ability to perform household services, both past and future. The exact amount is not known to plaintiff at this time, and plaintiff will move to amend this complaint to state such amount when the same becomes known to him, on proof thereof, and such amount

will be proven at trial.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages, according to proof;
2. For damages for medical and related expenses, according to proof;
3. For damages for lost earnings and ability to perform household services, both past and future, and loss of earning capacity and fringe benefits, both past and future, according to proof;
4. For costs of suit herein incurred; and
5. For such other and further relief as the Court may deem proper.

Date:  November 27, 2017          /s/ Preston Easley
                                  PRESTON EASLEY
                                  Attorney for Plaintiff
                                  JOSE CORREA


## DEMAND FOR JURY TRIAL

Plaintiff JOSE CORREA hereby demands a trial by jury in this action.

Dated:  November 27, 2017         /s/ Preston Easley
                                  PRESTON EASLEY
                                  Attorney for Plaintiff
                                  JOSE CORREA